**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CESAR HERNANDEZ ORTIZ, | Case No. 5:26-cv-01766-AB (ACCV) |
| Petitioner, | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition for Writ of Habeas Corpus by a Person in Federal Custody, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends the dismissal of the First Amended Petition without prejudice because Petitioner failed to exhaust administrative remedies before the Board of Immigration Appeals ("BIA") in his challenge to an adverse bond determination by an Immigration Judge ("IJ"). (Dkt. No. 24.) Petitioner's objections to the Report do not merit a different result.

Petitioner objects that prudential exhaustion is not required under the factors set out in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). (Dkt. No. 26 at 11-

12.)  Specifically, Petitioner objects that prudential exhaustion is not required because his claims "can be addressed as a matter of law." (*Id.*)  Prudential exhaustion is not necessary "to resolve purely legal questions" such as, for example, a "challenge to the government's policy" in making bond determinations. *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017).  Here, however, the Amended Petition does not raise any "purely legal questions," but Petitioner instead claims that the Immigration Judge abused his discretion in misapplying applicable legal standards before finding Petitioner was a danger to the community.  (Dkt. No. 21 at 12-16.)  Such claims should be exhausted.  *See Martinez v. Scott*, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025) (detainee's claim that the Government failed to demonstrate his dangerousness by clear and convincing evidence was a mixed question of law and fact that should be exhausted and is "readily distinguishable from those involving pure legal questions that do not require an administrative appellate record") (citation and quotation marks omitted).

Petitioner objects that, alternatively, the exhaustion requirement should be waived because of the irreparable harm caused by his unlawful and prolonged detention.  (Dkt. No. 26 at 12-14.)  The objection is not persuasive.  Petitioner's argument that he is irreparably harmed because his detention is unlawful "begs the constitutional questions presented in his petition by assuming that petitioner has suffered a constitutional injury." *Hilario Pankim v. Barr*, 2020 WL 2542022, at *7 (N.D. Cal. May 19, 2020) (quoting *Francisco Cortez v. Nielsen*, 2019 WL 1508458, at *3 (N.D. Cal. Apr. 5, 2029) (rejecting irreparable harm argument premised on allegedly unconstitutional bond hearing at issue in underlying habeas petition)).

Petitioner objects that the exhaustion requirement should be waived because administrative remedies are inadequate.  (Dkt. No. 26 at 15-17.)  They are inadequate, according to Petitoiner, because the BIA's processing times are excessively long.  (*Id.*)  The objection is not persuasive.  "Permitting Petitioner to

avoid the administrative scheme based solely on the additional time required to pursue administrative remedies would create an exception to exhaustion that would swallow the rule." *Martinez*, 2025 WL 2689844, at *6.  "As courts in this district have noted, the length of time for an administrative review is not sufficient justification to excuse the exhaustion requirement." *Parhizgar v. Birkholz*, 2025 WL 3030572, at *2 (C.D. Cal. Sept. 19, 2025) (citing *Hernandez v. Birkholz*, 2024 WL 628229, at *4 (C.D. Cal. Jan. 5, 2024) ("The amount of time an administrative appeal takes is not a justification for excusing the exhaustion requirement.")).

Petitioner objects that the exhaustion requirement should be waived because appealing to the BIA is futile.  (Dkt. No. 26 at 17-19.)  It is futile, according to Petitioner, because the BIA cannot decide constitutional questions, such as his claims of due process violations in the denial of bond.  (*Id*. at 17.)  "The key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken." *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995).  The BIA has the authority "to fix administratively correctable procedural errors, even when these errors are failures to follow due process." *Id.* (citing *Rashtabadi v. I.N.S.*, 23 F.3d 1562, 1567 (9th Cir. 1994) (Petitioner's allegations of "due process violations," *i.e.*, an IJ's failure to advise him of his rights and his attorney's failure to obtain consent to admitting deportability, were "exactly the sorts of procedural errors which require exhaustion")).  Here, in his Amended Petition, Petitioner claimed that his right to due process was violated because the IJ gave only a perfunctory review of his bond request and improperly relied on his record of arrests that did not result in convictions.  (Dkt. No. 21 at 12, 15.)  Such claims do not excuse the exhaustion requirement.  *See Sanchez-Cruz v. I.N.S.*, 255 F.3d 775, 779-80 (9th Cir. 2001) (Petitioner's allegation that the IJ was not a neutral fact-finder and denied her an opportunity to have a full and fair hearing on her claims had to be exhausted before the BIA); *Vargas v. U.S. Dept. of Immigration and Naturalization*, 831 F.2d 906,

908 (9th Cir. 1987) (immigrant's due process claim based on an inaccurate statement of his criminal record had to be administratively exhausted).

Exhaustion also is futile, according to Petitioner, because the BIA's affirmance of the IJ's bond denial is a foregone conclusion and because statistics show the BIA operates as a rubberstamp. (*Id*. at 18-19.) The objection is not persuasive. "Petitioner has not demonstrated that the BIA has a specific policy of affirming IJs' bond decisions and has therefore not shown that appeal would be futile." *Aden v. Nielsen*, 2019 WL 5802013, at *3 (W.D. Wash. Nov. 7, 2019). "Although Petitioner presents some compelling statistics, the Court is not prepared to find that appeal to any BIA judge is necessarily futile." *Sharma v. Archambrault*, 2026 WL 381611, at *2 (S.D. Cal. Feb. 11, 2026).

It is ordered that (1) the Report and Recommendation is approved and accepted; (2) the First Amended Petition is dismissed without prejudice.

DATED: July 22, 2026

_____

HON. ANDRÉ BIROTTE, JR.
UNITED STATES DISTRICT JUDGE